UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID R. PETE,<br><br>                Plaintiff,<br><br>        v.<br><br>FACEBOOK DATA BREACH, also known as META PLATFORMS, INC.<br><br>                Defendant. | Case No. 25-cv-09081-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 17 |

Before the Court is Defendant Meta Platforms, Inc.'s motion to dismiss. ECF No. 17. The Court finds the matter suitable for disposition without oral argument. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). The hearing on this matter, currently scheduled for January 29, 2026, is hereby vacated, and the Court will now grant the motion.

The Court has diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff David R. Pete filed this case in the Eastern District of Texas. ECF No. 1. He seeks $100 billion each in compensatory and punitive damages based on Meta's alleged failure "to implement and maintain reasonable data security protocols," which he alleges resulted in "unauthorized actors exploit[ing] Defendant's insecure data systems, gaining repeated access to Plaintiff's sensitive information without authorization." ECF No. 1 at 2; *id.* ¶¶ 8, 9. Meta filed a motion to dismiss or, in the alternative, to transfer the case to this district. ECF No. 17. Pete filed an opposition to the motion, ECF No. 18, and a second opposition after Meta filed its reply, ECF No. 20. The Texas court granted the motion to transfer the case, ECF No. 25, which was subsequently assigned to this Court, ECF No. 27. Meta subsequently re-noticed its motion to dismiss, ECF No. 30, and Pete filed a third opposition brief, ECF No. 31.

Although Pete did not receive leave of court to file more than one opposition brief, the

1  Court will consider the arguments raised in all three of his briefs. Pete's first and second briefs
2  responded to Meta's motion to dismiss in a conclusory manner. ECF No. 18 at 2; ECF No. 20 at
3  4–5. His third brief first argued that he has Article III standing—an argument not raised by Meta.
4  It then argued that Pete has stated claims for negligence; violation of the California Consumer
5  Privacy Act ("CCPA"); and violation of California's unfair competition law ("UCL"). *Id.* at 5–7.
6  It did not seek to defend any other claims. In addition, while the complaint includes a negligence
7  claim, it does not assert the latter two claims. *See* ECF No. 1 at 2.

8      Meta argues that all of Pete's claims are barred the Terms of Service, which Pete alleges he
9  accepted and forms the basis for his breach of contract claim. ECF No. 1 ¶ 21. Pete does not
10 dispute the version of the Terms submitted by Meta with its motion to dismiss. ECF No. 17-2.
11 The Court therefore considers those Terms incorporated into the complaint by reference, meaning
12 that it considers them without converting the motion into one for summary judgment. *See Coto*
13 *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (explaining that incorporation by
14 reference is appropriate "where the complaint necessarily relies upon a document or the contents
15 of the document are alleged in a complaint, the document's authenticity is not in question and
16 there are no disputed issues as to the document's relevance").

17     The Terms state that Meta's products "are provided 'as is,'"; that Meta "make[s] no
18 guarantees that [the products] always will be safe, secure, or error-free"; and that Meta "do[es] not
19 control or direct what people and others do or say," and is "not responsible for their actions or
20 conduct (whether online or offline)." *Id.* at 11. They further state that "under no circumstance"
21 will Meta be liable "for any lost profits, revenues, information, or data, or consequential, special,
22 indirect, exemplary, punitive, or incidental damages arising out of or related to these Terms or the
23 Meta Products (however caused and on any theory of liability, including negligence)." *Id.* at 12.

24     Meta argues that these Terms bar Pete's claims, which are entirely based on alleged access
25 to Pete's data by "unauthorized actors." ECF No. 1 ¶ 9. Pete's opposition briefs fail to respond to
26 this argument, and he thus concedes that his claims should be dismissed on that ground. *E.g.*,
27 *Tovar v. City of San Jose*, No. 5:21-cv-02497-EJD, 2021 WL 6126931, at *2 (N.D. Cal. Dec. 28,
28 2021) ("By failing to respond to the City's arguments, Plaintiffs have conceded those arguments

and have acknowledged that their . . . claims should be dismissed on those grounds."); *Tyler v. Travelers Com. Ins. Co.*, 499 F. Supp. 3d 693, 701 (N.D. Cal. 2020) ("As an initial matter, Plaintiff concedes these arguments by failing to address them in her opposition."). Moreover, the Court's review of the complaint confirms that Pete's claims are all based on alleged third-party acts, and that his claimed damages fall within the Terms of Service's limitations on liability. Courts that have considered similar claims and the same or similar Terms are in accord. *E.g.*, *Kennedy v. Meta Platforms Inc.*, No. 23-cv-06615-HSG, 2024 WL 4565091, at *4 (N.D. Cal. Oct. 23, 2024) (granting "motion to dismiss Plaintiff's causes of action to the extent they are based on the alleged failure to keep Plaintiff's account secure and free from disruptions due to . . . third-party conduct"); *Kidstar v. Facebook Inc.*, No. 20-cv-05408-SK, 2021 WL 1110227, at *2 (N.D. Cal. Mar. 23, 2021) (dismissing claims premised on the plaintiff's "allegation that Facebook promised, contracted, or represented that their Facebook platform is a safe community for consumers and that Defendants failed to keep Plaintiff's photographs safe" because those "allegations contradict Facebook's disclaimers in the User Agreement"); *Damner v. Facebook Inc.*, No. 20-cv-05177-JCS, 2020 WL 7862706, at *6 (N.D. Cal. Dec. 31, 2020) (dismissing negligence claim where "Plaintiff's allegation that Facebook owed him a duty of care to keep his personal information safe is contradicted by the terms of the [Statement of Rights and Responsibility], which expressly disclaim such a duty").

The Court therefore dismisses Pete's complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Pete's complaint does not contain the CCPA or UCL claims he discusses in his third opposition brief, those claims would also be barred by the Terms of Service if premised on the factual basis of the complaint. Because this deficiency cannot be cured by amendment, the Court dismisses Pete's complaint without leave to amend. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: January 6, 2026



JON S. TIGAR
United States District Judge